# EXHIBIT B

**15C01-2101-MI-000001**

Dearborn Circuit Court

Filed: 1/5/2021 10:31 AM
Clerk
Dearborn County, Indiana

|  |  |
|---|---|
| 3STATE OF INDIANA ) <br> ) ss: <br> COUNTY OF DEARBORN ) | IN THE DEARBORN CIRCUIT COURT <br><br> CIVIL DIVISION <br><br> CAUSE NO. _____ |

Johnny Decker
3306 South Farmers Retreat Road
Dillsboro, Indiana 47018

              Plaintiff,

vs.

**COMPLAINT WITH JURY DEMAND**

Louisville Ladder Corp.
1163 Algonquin Parkway
Louisville, Ky. 40208

SERVE:
CT Corporation System
36 South Pennsylvania Street
Suite 700
Indianapolis, IN 46204

              Defendant.

Comes now the Plaintiff, Johnny Decker, by undersigned counsel, and for his Complaint against the Defendant, Louisville Ladder Corp states as follows:

## SUBJECT MATTER JURISDICTION

1.     That Plaintiff is a citizen of Indiana, and the Defendant is a corporation incorporated under the laws other then the State of Indiana, and its principle place of business is in a state other than Indiana.

## PERSONAL JURISDICTION

2.     The Plaintiffs' claims herein arise from Defendant causing tortious injury in and outside the State of Indiana to Plaintiffs by acts and omissions in the State of Indiana. Defendant regularly transacts and engages in business in Indiana and sells its product in Indiana and engages in other persistent course of conduct in Indiana. Plaintiffs' injuries arose out of the Defendant doing business and engaging in a persistent course of conduct and derivation of substantial revenue within Indiana, and Defendant is subject to the personal jurisdiction of this Court as set forth in Indiana Rule 4.4.

## PARTIES

3.     Plaintiff, Johnny Decker, at all times relevant herein, is a resident of Dillsboro, Dearborn County, Indiana.

4.     Defendant, Louisville Ladder Corp., at all times relevant herein, is a corporation with a principal office located at 1163 Algonquin Parkway, Louisville, Kentucky 40208 and licensed to do business in the State of Indiana.

## COUNT ONE

5.     One or about February 14, 2019 at approximately 6:00 p.m., Plaintiff, Johnny Decker, was working on the roof of his home.   He was using a fiberglass ladder he had purchased approximately 7 years prior which was manufactured by Louisville Ladder Corp. (Patent# 4959107).

6.     Mr. Decker estimates he was about 3 feet up on the ladder, when the lock mechanism for the top and bottom portion of the ladder broke, causing the ladder to slide down with Mr. Decker still on it.  Mr. Decker's right foot got caught on one of the lower rungs of the ladder causing his serious permanent physical injury; causing a loss of earnings and future earnings capacity; causing pain and suffering which will continue indefinitely in the future; causing a loss of enjoyment of life, all to his damage in an amount in excess of the minimal jurisdictional requirements of this Court.

7.     Defendant was negligent in designing and manufacturing the Ladder and failed to adequately design or warn its users of the dangers of using the Ladder before marketing.

8.     Defendant negligently failed to adequately warn of the dangers, characteristics and propensities inherent in the design and usage of the Ladder.

9.     Defendant Negligently failed to develop effective, adequate and minimally necessary warnings and instruction to inform Plaintiff about the propensity of the Ladder and cause serious and permanent injury.

10.     The Defendants' above styled negligence directly and proximately caused Plaintiffs' damages set out in Court One above.

## COUNT TWO

11.   Plaintiff reiterates the allegations of Count One and incorporate same herein by reference.

12.   The Ladder manufactured by Defendant is not reasonably safe and suitable for use by the general public and/or Defendants target market and is defective and unreasonably dangerous, and the Ladder is designed without adequate warnings on the Ladder, and Defendant is strictly liable for Plaintiff's injuries and damages set out in Count One, which were directly and proximately caused by said defective, unreasonable and inherently dangerous design and condition.

## COUNT THREE

13.   Plaintiff reiterates the allegations of Count One and incorporate same herein by reference.

14.   Defendants knew before Johnny Decker's injury that many of its Ladders identical to the subject Ladders carried inadequate warnings and resulted in substantial injuries. Defendant's acts and omissions set out herein demonstrate a flagrant indifference to the rights of Johnny Decker when Defendant knew, or should have known, that Johnny Decker and others would be exposed to an unreasonable risk of death or serious bodily harm if the Ladder was used, and said indifference was oppressive and malicious, and Defendant is liable in punitive damages pursuant to Indiana Code § 34-51-3-4.

## COUNT FOUR

15.   Plaintiff reiterates the allegations of Count One and incorporate same herein by reference.

16.   As a direct and proximate result of the accident and the admissions of the Defendants as described in this Complaint, Plaintiff, Johnny Decker, has suffered damages and injuries as set forth herein below.

17.     Plaintiff was taken to the emergency room at Margaret Mary Hospital in Batesville, Indiana. X-rays were taken and showed that Plaintiff sustained *a comminuted fracture of the talus with the posterior aspect of the talus what appeared to be rotated counter clockwise and the dome of the talus appeared to be against the Achilles tendon. The tibia had a malleolar fracture at the joint line.*

18.     The Plaintiff was transported to the University of Cincinnati Medical Center to undergo a surgical repair of his right ankle fracture.

19.     The Plaintiff has permanent injuries as a result of the Defendant negligent acts.

## COUNT FOUR DAMAGES

20.     Plaintiff reiterates the allegations of Count One and incorporate same herein by reference.

21.     The Plaintiff's injuries are a direct and proximate result of the manufacturer flaw and /or design flaw, and/or weakened/broken lock mechanism, of the Defendant's fiberglass ladder.

22.     The Plaintiff has endured, and/or will endure in the future, surgery to repair fracture, medical expenses, lost wages, permanent bodily injury, physical pain, mental suffering, impairment of the power to earn money, increased risk of future injury, increased risk of higher insurance premiums and inconvenience.

WHEREFORE, the Plaintiff, Johnny Decker, prays for the following relief:

A.     For all damages in an amount to be determined by a jury;

B.     For their costs herein expended;

C.     For trial by jury; and

D.     For any, and all other necessary and proper relief to which he may be entitled.

Respectfully submitted,


/s/ C. Ed Massey
C. Ed Massey  IN.#19843-15
504 Erlanger Road
Erlanger, KY 41018
(859) 426-9000
*Counsel for Plaintiff Johnny Decker*